SMITH'S CYCLES, INC. v. AMERICAN HONDA MOTOR CO., INC., AND CROWN PONTIAC, INC.

No. 7518SC170

(Filed 21 May 1975)

**Appeal and Error § 6— interlocutory order — no appeal**

    Order denying defendants' motion to dismiss an action for an injunction pending final determination of plaintiff's petition before the Commissioner of Motor Vehicles under G.S. 20-305(5) and transferring the cause to the superior court of Wake County where an appeal from the order of the Commissioner is pending is interlocutory and not appealable.

APPEAL by defendant American Honda Motor Co., Inc. (Honda), from *Collier, Judge.* Order entered 27 January 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 6 May 1975.

Cycles, Inc. v. Honda Motor Co.

The order appealed from is summarized in pertinent part as follows:

The cause came on for hearing on plaintiff's motion for a "new" injunction against defendants and on defendants' motions to dismiss the action for lack of jurisdiction over the subject matter and for failure to state a claim. The court found the following facts:

Plaintiff is a franchisee of defendant Honda and a dealer in the Honda motorcycle line-make in the Greensboro area. Defendant Honda is the U. S. distributor of Honda motorcycles and parts. On 14 October 1974 defendants entered into a franchise agreement whereby defendant Crown would sell Honda motorcycles in the Greensboro area. On 25 July 1973, defendant Honda notified plaintiff of its intentions to grant a new franchise in the Greensboro area to a franchisee other than defendant Crown; however, defendant Honda did not issue any new notification of the 14 October 1974 franchise grant to defendant Crown. On 19 October 1974 plaintiff filed a petition with the North Carolina Commissioner of Motor Vehicles pursuant to G.S. 20-305(5). On 8 November 1974 plaintiff instituted this action asking for injunctive relief restraining and enjoining defendant Honda from sales or services to defendant Crown. A temporary restraining order was issued, followed by a preliminary injunction granting plaintiff injunctive relief until five days after the rendition of a decision by the commissioner in the proceeding before him. On 5 December 1974 the commissioner entered an order dismissing plaintiff's petition "for lack of jurisdiction", and on 13 December 1974 plaintiff filed suit in the Superior Court of Wake County "in effect appealing the order of the Commissioner". On the same day an order staying the commissioner's order was entered.

The order then provides:

The Court is of the opinion that the preliminary injunction of November 22, 1974, expired by its own terms December 10, 1974, and that Defendant Honda should now be enjoined from dealing with Defendant Crown until the petition before the Commissioner is finally determined. The Court concludes that jurisdiction for further proceedings herein is in the Superior Court of Wake County by reason of G.S. 143 (sic). The Court concludes that this Court had jurisdiction under G.S. 1-485 of matters ancillary

to the petition before the Commissioner of Motor Vehicles until the filing of the appeal in the Superior Court of Wake County December 12, 1974. The Court concludes it now has jurisdiction to transfer this matter to the Superior Court of Wake County.

Now THEREFORE IT IS ORDERED that the motions of Defendants be and same are hereby denied and this matter shall be transferred by the Clerk to the Superior Court of Wake County.

*Dameron, Turner, Enochs & Foster, by James R. Turner, for plaintiff appellee.*

*Allen, Steed and Pullen, P.A., by Arch T. Allen, III, for defendant appellant.*

BRITT, Judge.

The order from which defendant Honda attempts to appeal is interlocutory, therefore, it is not appealable. Rule 4, Rules of Practice in the Court of Appeals of North Carolina. While the trial court opined that defendant Honda should be enjoined from dealing with defendant Crown until the petition before the Commissioner of Motor Vehicles is finally determined, it entered no order to that effect.

On the same date that defendant Honda docketed its appeal, it also filed a petition for a writ of certiorari, contending it will suffer substantial harm unless the order is reviewed by this court prior to a judgment on the merits. We find no merit in the petition.

Appeal dismissed and petition for writ of certiorari denied.

Judges PARKER and VAUGHN concur.